UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MATT SHERIFF | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-301-SDJ |
| | § | |
| STRYVE FOODS, LLC | § | |

## ORDER

Before the Court is Defendant Stryve Foods, LLC's ("Stryve") Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rules 12(b)(1) and 12(h)(3), (Dkt. #51). Having considered the motion and Plaintiff Matt Sheriff's supplement to his complaint, (Dkt. #52), the Court concludes that it does not have diversity jurisdiction over this case. The Court will therefore **DISMISS** this case for lack of subject-matter jurisdiction.

In his complaint, Sheriff alleged that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 due to diversity in the parties' citizenships. (Dkt. #1 ¶ 8). "To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted). Complete diversity requires that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Id.* (quotation omitted). Citizenship of an entity depends on its form. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). But a limited liability company is a citizen where

each of its members is a citizen. *See Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

These differences require different factual allegations to establish citizenship. "[A]llegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985). Allegations regarding the citizenship of an LLC, however, require "the citizenship of every member of [the] LLC." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). Notably, for natural persons, "citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). As the Fifth Circuit has explained, "[t]he difference between *citizenship* and *residency* is a frequent source of confusion." *MidCap*, 929 F.3d at 313. Citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 83 L.Ed. 817 (1939). Thus, an allegation of residency alone "does not satisfy the requirement of an allegation of citizenship." *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam).

Here, Stryve argues that complete diversity is lacking because one of its members was a citizen of Illinois when Sheriff, who also is a citizen of Illinois, brought this suit and still is an Illinois citizen. (Dkt. #51 at 1, 6–7). Sheriff (to his credit) does not dispute these allegations and agrees that complete diversity is lacking. (Dkt. #52 at 2). Based on record and the parties' agreement, the Court concludes that it does

not have subject-matter jurisdiction over this case. As a result, the Court must dismiss this action. FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

For these reasons, Stryve's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rules 12(b)(1) and 12(h)(3), (Dkt. #51), is **GRANTED** and this case is hereby **DISMISSED**.

**So ORDERED and SIGNED this 4th day of October, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE